UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | |
| Plaintiff, | No. 2:24-cv-02589-TLN-CSK |
| v. | **ORDER** |
| TRAVELERS INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the Court on *pro se* Plaintiff Shannon O. Murphy Sr.'s ("Plaintiff") Motion for Reconsideration of the Court's April 18, 2025 Order.  (ECF No. 11.)  No opposition has been filed.  For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

A detailed recitation of the factual and procedural history is not necessary for disposition of Plaintiff's motion. The relevant procedural background is set forth in the magistrate judge's March 31, 2025 findings and recommendations. (ECF No. 7.) On April 10, 2025, Plaintiff filed objections to the magistrate judge's findings and recommendations. (ECF No. 8.) On April 18, 2025, this Court adopted the findings and recommendations in full, denied Plaintiff's motion to proceed in forma pauperis, and dismissed the Complaint without leave to amend. (ECF No. 9.) On the same day, the Clerk of the Court entered Judgment. (ECF No. 10.) Plaintiff now seeks reconsideration of the Court's April 18, 2025 Order. (ECF No. 11.)

II.  **STANDARD OF LAW**

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Here, Plaintiff's motion was filed thirty days after entry of judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (See ECF Nos. 10, 11.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

2

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

**III.   ANALYSIS**

Plaintiff does not provide any facts or argument to satisfy any of the enumerated provisions of Rule 60(b). Plaintiff's argument is largely incomprehensible, as Plaintiff seems to be filing a "Request for Reconsideration" along with a "military waiver." (ECF No. 11-1 at 1.) Plaintiff indeed attaches what appears to be active duty orders (*id.* at 2) and a document from the Department of the Army excusing Plaintiff from any activity or absences relevant to the "disposition period" (*id.* at 3). The "disposition period" appears to be 545 days from either March 5, 2004, March 10, 2004, or April 2, 2004. (*Id.* at 2–3.) In any event, it does not cover any relevant time period in question with respect to the instant matter. Plaintiff does not present any newly discovered evidence suggesting the matter was wrongly dismissed, nor does he contend the Court erred in concluding subject matter jurisdiction over his claims was lacking. *Marlyn*, 571 F.3d at 880. Further, the Court finds upon a *de novo* review of this case that the

order of dismissal is neither manifestly unjust nor clearly erroneous. *See Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)) (reviewing a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth under 28 U.S.C. § 636(b)(1)(A)). Accordingly, the Court finds Plaintiff has not established sufficient grounds under Rule 60(b) to seek reconsideration of the Court's April 18, 2025 Order.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. (ECF No. 11.)

IT IS SO ORDERED.

Date: June 25, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4